IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ERIE INSURANCE EXCHANGE            :         CIVIL ACTION
                                   :
         v.                        :
                                   :
LEGRAND NORTH AMERICA LLC          :         NO. 24-6730
```

MEMORANDUM

Bartle, J.                                          December 2, 2025

      Plaintiff Erie Insurance Exchange ("Erie"), as the subrogee of Joshua and Rebecca Evans, brings this diversity action against LeGrand North America LLC ("LeGrand") with claims alleging strict liability, negligence and breach of warranty. Erie has indemnified the Evans, its insureds, for the loss they sustained from a fire at their home. Erie maintains that the cause of the fire was a defective basement electrical outlet manufactured by LeGrand. It seeks to recover from LeGrand what it paid the Evans'.

      There appears to be no disagreement between the parties that a particular outlet was the cause of the fire. LeGrand moves for summary judgment on the ground that there is no evidence in the record that it made the outlet in question. LeGrand cites only selective portions of the depositions and expert reports to support its position. These selections give a distorted picture of what is found in the record.

It is undisputed that prior to this fire the Evans' had made improvements in their basement to accommodate Rebecca Evans' business. In the process a number of new electrical outlets were installed, including the one that caused the fire. While none of the fact or expert witnesses can identify the manufacturer of the defective and damaged outlet, Rebecca Evans has testified that twelve outlets were installed during the remodeling and were all the same brand. LeGrand's expert has confirmed that all the nearby outlets were manufactured by LeGrand.

A jury may make a finding based on circumstantial evidence. See <u>Hozier v. Midwest Fasteners, Inc.</u>, 908 F.2d 1155, 1165 (3d Cir. 1990); Third Circuit Model Civil Jury Instructions § 1.6 (2024). With the above evidence in the record, it would not be unreasonable for a jury to infer that the outlet which caused the fire was also a LeGrand product.

There is a genuine dispute of material fact as to whether LeGrand was the manufacturer of the defective and damaged outlet. Thus, LeGrand is not entitled to summary judgment.